**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH QUINTANA, CDCR #C-41380, Plaintiff, vs. JEFF MACOMBER, Secretary of C.D.C.R., A. ACEVEDO, Warden, Defendants. | Case No.: 3:26-cv-3911-JES-DEB **ORDER DISMISSING COMPLAINT FOR FAILING TO ALLEGE FEDERAL SUBJECT MATTER JURISDICTION PURSUANT TO Fed. R. Civ. P. 3, Fed. R. Civ. P. 8(a)(1)-(3) AND Fed. R. Civ. P. 12(h)(3)** |

## I. INTRODUCTION

Plaintiff Joseph Quintana ("Quintana" or "Plaintiff"), a prisoner proceeding *pro se,* has filed a pleading that appears to have been intended for filing pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 2.) For the reasons discussed below, the Court dismisses the pleading without prejudice for failure to state a claim against any Defendant and holds the IFP motion in abeyance.

## II. INITIAL REVIEW OF PLAINTIFF'S PLEADINGS

"The first step in a civil action in a United States district court is the filing of the complaint with the clerk or the judge." 4 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1052 (4th ed. 2026); *see also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a *complaint* with the court.") (emphasis added). Under Federal Rule

of Civil Procedure 8(a), every complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction," . . . (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3).

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction "must neither be disregarded nor evaded." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). The Court must determine sua sponte whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, Quintana has filed the first page of the Court's pro se "Complaint under the Civil Rights Act" form on which he has handwritten his name and address in the form's space for the "Plaintiff." (ECF No. 1 at 1.) He's also filled out the form indicating that violative "actions were directed against Plaintiff at **R.J. Donovan Correctional Facility** on (dates) **11-9-22**, **11-9-22**, and **11-9-22**." (*Id.*) Beneath those three handwritten dates, Quintana has circled pre-printed text listing "Count 1," "Count 2," "Count 3." (*Id.*)

Quintana's pleading, however, contains none of the remaining six pages of the Court's form complaint. *See* § 1983 SD Form (Rev. 8/15). Those pages include fill-in-the-blank sections in which the plaintiff must identify the defendants he intends to sue and the capacity in which he intends to sue them, state the constitutional right he alleges was violated, provide some of the factual basis for each cause of action he seeks to pursue, and include some request for relief. *See id.* at 2–5, 7; *see also* Fed. R. Civ. P. 8(a)(1)–(3); *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (noting that Rule 8 can "warrant dismissal . . . when a pleading says *too little*").

All that follows Quintana's submission of the form's first page is a one-page letter from the Office of Appeals of the California Department of Corrections and Rehabilitation,

indicating that "no further action will be taken" with regard to correspondence that office received from Quintana on January 23, 2026. ECF No. 1 at 3.

As such, Quintana's lack of factual and legal claim information means that his current pleadings fail to allege subject matter jurisdiction pursuant to 42 U.S.C. § 1983. *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged."). Thus, because Quintana's pleadings fail to allege federal jurisdiction or "state[] a claim to relief that is plausible on its face," *Ashcroft v. Iqbal,* U.S. 662, 678 (2009) (citation omitted), his action must be dismissed, *see Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011) (noting court's obligation under the Prison Litigation Reform Act to "review, before docketing or as soon thereafter as practicable, any civil action brought by a prisoner seeking redress from a governmental entity, officer or employee," and its requirement to dismiss a complaint or any portion thereof that is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seek[ing] monetary relief from a defendant who is immune" pursuant to 28 U.S.C. § 1915A(a), (b)).

Because Plaintiff is proceeding without counsel, however, and the first page of his pleading suggests he intended to commence a civil rights action pursuant to 42 U.S.C. § 1983, the Court will sua sponte grant him an opportunity to amend. Plaintiff's Amended Complaint must comply with Federal Rule of Civil Procedure 8. "Each allegation [in a pleading] must be simple, concise, and direct. No technical form is required." FED. R. CIV. P. 8(d)(1). In addition, Plaintiff is cautioned that if he files an Amended Complaint, it will be subject to an initial sua sponte screening pursuant to 28 U.S.C. § 1915A(b) or 28 U.S.C. § 1915(e)(2). These statutes require the Court to review and dismiss a prisoner's IFP complaint unless it contains factual matter sufficient to plausibly show that: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011). "Because vicarious

liability is inapplicable to . . . § 1983 suits," he must also plead that each Government-official defendant he wishes to sue, "through the official's own *individual* actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "Under this rule, a claim must contain 'more than labels and conclusions' or a 'formulaic recitation of the elements of the cause of action.'" *Sheppard v. Evans & Assoc.,* 694 F.3d 1045, 1048 (9th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Because it remains unclear whether Quintana intends to initiate a civil action pursuant to § 1983, the Court will hold his IFP motion in abeyance pending submission of an Amended Complaint.

## III. CONCLUSION

Accordingly, the Court **DISMISSES** this civil action based on Plaintiff's failure to file a Complaint which alleges federal subject matter jurisdiction pursuant to Fed. R. Civ. P. 3, 8(a)(1)–(3), and 12(h)(3); and **DIRECTS** the Clerk of Court to administratively close the file.

The Court further **GRANTS** Quintana forty-five (45) days' leave from the date of this Order to re-open the case by filing an Amended Complaint that conforms with Rule 8. If Quintana fails to comply with these directions within the time provided, however, this civil action will remain dismissed without prejudice for the reasons set forth in this Order and without any further action by the Court.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Honorable James E. Simmons Jr.
United States District Judge